IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Daniel R Lockwood, | ) | Civil Action No. 8:12-2930-DCN-JDA |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Carolyn W. Colvin,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for a Report and Recommendation pursuant to 28

U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C.  Plaintiff brought this

action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final

decision of Defendant Commissioner of Social Security ("the Commissioner"), denying

Plaintiff's claims for disability insurance benefits ("DIB").  For the reasons set forth below,

it is recommended that the decision of the Commissioner be reversed and remanded for

administrative action consistent with this recommendation, pursuant to sentence four of 42

U.S.C. § 405(g).

**PROCEDURAL HISTORY**

On February 26, 2009, Plaintiff filed an application for DIB alleging an onset of

disability date of September 4, 2008, due to back pain, chronic obstructive pulmonary

disease ("COPD"), anxiety, and depression.  [R. 68-69, 130-34, 148, 152, 167.] Plaintiff's

claims were denied initially on July 2, 2009 [R. 68-69], and on reconsideration on

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

November 12, 2009 [R. 82-88 ], by the Social Security Administration ("the Administration"). Plaintiff requested a hearing before an administrative law judge ("ALJ") and on November 19, 2010, ALJ Carol K. Bowen conducted a de novo hearing on Plaintiff's claims [R. 42-67].

The ALJ issued a decision on March 25, 2011, finding Plaintiff not disabled under the Social Security Act ("the Act"). [R. 13-34.] At Step 1[2], the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2014 and had not engaged in substantial gainful activity since September 4, 2008, her alleged onset date. [R. 19, Findings 1 & 2.] At Step 2, the ALJ found Plaintiff had severe impairments of lumbar degenerative disc disease with a history of micro-laminectomy and decompression surgeries; obesity, and COPD. [R. 19, Finding 3.] The ALJ also found that Plaintiff had non-severe impairments of sleep apnea, restless leg syndrome, left rotator cuff repair, left wrist pain, alcoholism, mood problems, depression and anxiety. [R. 22.] At Step 3, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. 23, Finding 4.] The entirety of the ALJ's findings at Step three are as follows:

> The severity of claimant's impairments does [*sic*] not meet or medically equal the level of severity of an impairment described in section 1.04 (disorders of the back (discogenic and degenerative)), 3.02 (chronic pulmonary insufficiency), 20 (obesity), or any other section of Appendix 1, Subpart P, Regulations No.4.
> The claimant's history of alcoholism is in reported remission. Substance addiction is not a contributing factor material to a finding of disability.

---

[2]The five-step sequential analysis used to evaluate disability claims is discussed in the Applicable Law section, *infra*.

[R. 23.]

Before addressing Step 4, Plaintiff's ability to perform his past relevant work, the ALJ found Plaintiff retained the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: no repetitive lifting below the waist; occasional climbing of ramps and stairs but no climbing of ladders, ropes, or scaffolds; restriction to frequent stooping, kneeling, crouching, and crawling; and avoidance of concentrated exposure to chemicals or other pulmonary irritants.

[R. 23, Finding 5.] Based on this RFC, at Step 4, the ALJ determined Plaintiff was able to perform his past relevant work as an auto driver. [R. 28, Finding 6.] Accordingly, the ALJ concluded Plaintiff had not been under a disability, as defined by the Act, from September 4, 2008, his alleged onset date, through the date of the ALJ's decision. [R. 29, Finding 7.]

Plaintiff requested Appeals Council review of the ALJ's decision, but on August 10, 2012, the Council declined review. [R. 1-5.]   Plaintiff filed this action for judicial review on October 10, 2012.  [Doc. 1.]

## THE PARTIES' POSITIONS

Plaintiff contends the ALJ's decision is not supported by substantial evidence and claims the ALJ erred by (1) improperly assessing the treating physician's opinions as required by 20 CFR § 404.1527(d)(1)-(6), SSR 96-2p and SSR 96-5p [Doc 17 at 14-21]; (2) improperly analyzing Plaintiff's ability to perform his past relevant work that complies with the requirements of SSR 82-62, 20 C.F.R. §404.1520, Fourth Circuit precedent, and the remand order of this Court, [*id*. at 21-25 ]; and, (3) failing to explain his findings

3

regarding Plaintiffs residual functional capacity, as required by Social Security Ruling 96-8p, [*id*. at 25-30].

The Commissioner, on the other hand, contends the ALJ's decision is supported by substantial evidence because the ALJ (1) properly weighed the opinion evidence in the record [Doc. 19 at 13-16]; (2) appropriately determined at step four that plaintiff could perform his past relevant work [*id*. at 16-22]; and, properly assessed Plaintiff's RFC [*id*. at 22-24].

## STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citing *Woolridge v. Celebrezze*, 214 F. Supp. 686, 687 (S.D.W. Va. 1963)) ("Substantial evidence, it has been held, is evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'").

Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the

[Commissioner's] designate, the ALJ)," not on the reviewing court. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence. *Laws*, 368 F.2d at 642; *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962).

The reviewing court will reverse the Commissioner's decision on plenary review, however, if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Myers v. Califano,* 611 F.2d 980, 982 (4th Cir. 1980); *see also Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Where the Commissioner's decision "is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing.'" *Vitek v. Finch*, 438 F.2d 1157, 1158 (4th Cir. 1971) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *Sargent v. Sullivan*, 941 F.2d 1207 (4th Cir. 1991) (unpublished table decision). To remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See, e.g.*, *Jackson v. Chater*, 99 F.3d 1086, 1090–91 (11th Cir. 1996) (holding remand was appropriate where the ALJ failed to develop a full and fair record of the claimant's residual functional capacity); *Brehem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (holding remand was appropriate where record was insufficient to affirm but was also insufficient for court to find the claimant disabled). Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four may be appropriate to allow the Commissioner to explain the basis for the decision. *See Smith v. Heckler*, 782 F.2d 1176, 1181–82 (4th Cir. 1986) (remanding case where decision of ALJ contained "a gap in its reasoning" because ALJ did not say he was discounting testimony or why); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (remanding case where neither the ALJ nor the Appeals Council indicated the weight given to relevant evidence). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith*, 782 F.2d at 1182 ("The [Commissioner] and the claimant may produce further evidence on remand."). After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction. *Sargent*, 941 F.2d 1207 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

In contrast, sentence six provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g).  A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant made at least a general showing of the nature of the new evidence to the reviewing court.  *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985) (citing 42 U.S.C. § 405(g); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 925 F.2d 769, 774 (4th Cir. 1991).[3]  With remand under sentence six, the parties must return to the court after remand to file modified findings of fact.  *Melkonyan*, 501 U.S. at 98.  The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  *See*

---

[3] Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts in the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence.  *See, e.g.*, *Brooks v. Astrue*, No. 6:10-cv-152, 2010 WL 5478648, at *8 (D.S.C. Nov. 23, 2010); *Ashton v. Astrue*, No. TMD 09-1107, 2010 WL 3199345, at *3 (D. Md. Aug. 12, 2010); *Washington v. Comm'r of Soc. Sec.*, No. 2:08-cv-93, 2009 WL 86737, at *5 (E.D. Va. Jan. 13, 2009); *Brock v. Sec'y of Health & Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992).  Further, the Supreme Court of the United States has not suggested *Borders*' construction of § 405(g) is incorrect.  *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990).  Accordingly, the Court will apply the more stringent *Borders* inquiry.

*Allen v. Chater*, 67 F.3d 293 (4th Cir. 1995) (unpublished table decision) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a disability.  42 U.S.C. § 423(a).  "Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months.

*Id.* § 423(d)(1)(A).

## I.    The Five Step Evaluation

To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g.*, *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (noting a "need for efficiency" in considering disability claims).  The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment.  20 C.F.R. §§ 404.1520, 416.920.  Through the fourth step, the burden of production and proof is on the claimant.  *Grant v.*

*Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).  The claimant must prove disability on or before the last day of her insured status to receive disability benefits.  *Everett v. Sec'y of Health, Educ. & Welfare*, 412 F.2d 842, 843 (4th Cir. 1969).  If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience.  *Grant*, 699 F.2d at 191.  If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a)(4); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

### A.    *Substantial Gainful Activity*

"Substantial gainful activity" must be both substantial—involves doing significant physical or mental activities, 20 C.F.R. §§ 404.1572(a), 416.972(a)—and gainful—done for pay or profit, whether or not a profit is realized, *id.* §§ 404.1572(b), 416.972(b).  If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity.  *Id.* §§ 404.1574–.1575, 416.974–.975.

### B.    *Severe Impairment*

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities.  *See id.* §§ 404.1521, 416.921.  When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments.  42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).  The ALJ must evaluate a disability claimant as a whole person and not

9

in the abstract, having several hypothetical and isolated illnesses.  *Walker v. Bowen*, 889 F.2d 47, 49–50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them").  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  *Id.* at 50 ("As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.").  If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process."  42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).

### C.     *Meets or Equals an Impairment Listed in the Listings of Impairments*

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. §§ 404.1509 or 416.909, the ALJ will find the claimant disabled without considering the claimant's age, education, and work experience.[4]  20 C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii), (d).

### D.     *Past Relevant Work*

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant."  *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995).  At this step of the evaluation, the ALJ compares the

---

[4]The Listing of Impairments is applicable to SSI claims pursuant to 20 C.F.R. §§ 416.911, 416.925.

10

claimant's residual functional capacity[5] with the physical and mental demands of the kind of work he has done in the past to determine whether the claimant has the residual functional capacity to do his past work.  20 C.F.R. §§ 404.1560(b), 416.960(b).

### E.    *Other Work*

As previously stated, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *See* 20 C.F.R. §§ 404.1520(f)–(g), 416.920(f)–(g); *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).  To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "grids").  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant nonexertional factors.[6]  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that exclusive reliance on the grids is appropriate in cases involving exertional limitations).  When a claimant suffers from both exertional and nonexertional limitations, the grids may serve only as guidelines.  *Gory*, 712 F.2d at 931.  In such a case, the Commissioner must use a vocational expert to establish the claimant's ability to perform other work.  20 C.F.R. §§ 404.1569a, 416.969a; *see Walker*, 889 F.2d at 49–50

---

[5]Residual functional capacity is "the most [a claimant] can still do despite [his] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[6]An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs. 20 C.F.R. §§ 404.1569a(a), 416.969a(a).  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.*  Examples of nonexertional limitations include but are not limited to difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; difficulty seeing or hearing.  20 C.F.R. §§ 404.1569a(c)(1), 416.969a(c)(1).

("Because we have found that the grids cannot be relied upon to show conclusively that claimant is not disabled, when the case is remanded it will be incumbent upon the [Commissioner] to prove by expert vocational testimony that despite the combination of exertional and nonexertional impairments, the claimant retains the ability to perform specific jobs which exist in the national economy.").  The purpose of using a vocational expert is "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform."  *Walker*, 889 F.2d at 50.  For the vocational expert's testimony to be relevant, "it must be based upon a consideration of all other evidence in the record, . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments."  *Id.* (citations omitted).

## II.    Developing the Record

The ALJ has a duty to fully and fairly develop the record.  *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).  The ALJ is required to inquire fully into each relevant issue.  *Snyder*, 307 F.2d at 520.  The performance of this duty is particularly important when a claimant appears without counsel.  *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980).  In such circumstances, "the ALJ should scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, . . . being especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited."  *Id.* (internal quotations and citations omitted).

## III.    Treating Physicians

If a treating physician's opinion on the nature and severity of a claimant's impairments is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, i.e., when the treating physician's opinion does not warrant controlling weight, *Craig*, 76 F.3d at 590, but the ALJ must nevertheless assign a weight to the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability of the opinion; 4) consistency of the opinion with the record a whole; 5) specialization of the physician; and 6) other factors which tend to support or contradict the opinion, 20 C.F.R. §§ 404.1527(c), 416.927(c). Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Craig*, 76 F.3d at 590 (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition

13

for a prolonged period of time"); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  An ALJ determination coming down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways.  *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986).  Further, the ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  20 C.F.R. §§ 404.1527(d), 416.927(d).  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  *Id.*

## IV.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. §§ 404.1517, 416.917; *see also Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986).  The regulations are clear: a consultative examination is not required when there is sufficient medical evidence to make a determination on a claimant's disability.  20 C.F.R. §§ 404.1517, 416.917.  Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary.  *Id.*

## V.    Pain

Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the

pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  In evaluating claims of disabling pain, the ALJ must proceed in a two-part analysis.  *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005) (unpublished opinion).  First, "the ALJ must determine whether the claimant has produced medical evidence of a 'medically determinable impairment which could reasonably be expected to produce . . . the actual pain, in the amount and degree, alleged by the claimant.'"  *Id.* (quoting *Craig*, 76 F.3d at 594).  Second, "if, and only if, the ALJ finds that the claimant has produced such evidence, the ALJ must then determine, as a matter of fact, whether the claimant's underlying impairment *actually* causes her alleged pain."  *Id.* (emphasis in original) (citing *Craig*, 76 F.3d at 595).

Under the "pain rule" applicable within the United States Court of Appeals for the Fourth Circuit, it is well established that "subjective complaints of pain and physical discomfort could give rise to a finding of total disability, even when those complaints [a]re not supported fully by objective observable signs."  *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987) (citing *Hicks v. Heckler*, 756 F.2d 1022, 1023 (4th Cir. 1985)).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. §§ 404.1528, 416.928.  Indeed, the Fourth Circuit has rejected a rule which would require the claimant to demonstrate objective evidence of the pain itself, *Jenkins v. Sullivan*, 906 F.2d 107, 108 (4th Cir. 1990), and ordered the Commissioner to promulgate and distribute to all administrative law judges within the circuit a policy stating Fourth Circuit law on the subject of pain as a disabling

condition, *Hyatt v. Sullivan*, 899 F.2d 329, 336–37 (4th Cir. 1990).  The Commissioner

thereafter issued the following "Policy Interpretation Ruling":

> This Ruling supersedes, only in states within the Fourth Circuit (North Carolina, South Carolina, Maryland, Virginia and West Virginia), Social Security Ruling (SSR) 88-13, Titles II and XVI: Evaluation of Pain and Other Symptoms:
>
> ...
>
> **FOURTH CIRCUIT STANDARD:** Once an underlying physical or [m]ental impairment that could reasonably be expected to cause pain is shown by medically acceptable objective evidence, such as clinical or laboratory diagnostic techniques, the adjudicator must evaluate the disabling effects of a disability claimant's pain, even though its intensity or severity is shown only by subjective evidence.  If an underlying impairment capable of causing pain is shown, subjective evidence of the pain, its intensity or degree can, by itself, support a finding of disability.  Objective medical evidence of pain, its intensity or degree (i.e., manifestations of the functional effects of pain such as deteriorating nerve or muscle tissue, muscle spasm, or sensory or motor disruption), if available, should be obtained and considered.  Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.

SSR 90-1p, 55 Fed. Reg. 31,898-02, at 31,899 (Aug. 6, 1990).  SSR 90-1p has since been

superseded by SSR 96-7p, which is consistent with SSR 90-1p.  *See* SSR 96-7p, 61 Fed.

Reg. 34,483-01 (July 2, 1996).  SSR 96-7p provides, "If an individual's statements about

pain or other symptoms are not substantiated by the objective medical evidence, the

adjudicator must consider all of the evidence in the case record, including any statements

by the individual and other persons concerning the individual's symptoms."  *Id.* at 34,485;

*see also* 20 C.F.R. §§ 404.1529(c)(1)–(c)(2), 416.929(c)(1)–(c)(2) (outlining evaluation of

pain).

16

## VI.    Credibility

The ALJ must make a credibility determination based upon all the evidence in the record.  Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Although credibility determinations are generally left to the ALJ's discretion, such determinations should not be sustained if they are based on improper criteria.  *Breeden*, 493 F.2d at 1010 ("We recognize that the administrative law judge has the unique advantage of having heard the testimony firsthand, and ordinarily we may not disturb credibility findings that are based on a witness's demeanor.  But administrative findings based on oral testimony are not sacrosanct, and if it appears that credibility determinations are based on improper or irrational criteria they cannot be sustained.").

## APPLICATION AND ANALYSIS

**RFC Analysis**

Plaintiff contends the ALJ's RFC analysis is flawed because the ALJ "did not weigh the evidence in this case, but instead only selectively discussed a small portion of the evidence supporting his rationale." [Doc. 17 at 28.]  Plaintiff also contends "the ALJ did not demonstrate that he adequately considered combined effect of impairments." [*Id*. at 29.]

The Administration has provided a definition of RFC and explained what an RFC assessment accomplishes:

> RFC is what an individual can still do despite his or her limitations. RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause

17

> physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. . . .

SSR 96-8p, 61 Fed. Reg. 34,474–01, at 34,475 (July 2, 1996) (internal citation and footnotes omitted). The RFC assessment must first identify Plaintiff's functional limitations or restrictions and assess his work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545 and 416.945. *See id.* Only after this identification and assessment may RFC be expressed in terms of the exertional levels of work: sedentary, light, medium, heavy, and very heavy. *Id.*

In assessing RFC, the ALJ must consider limitations and restrictions imposed by all of a claimant's impairments, including those that are not severe. *Id.* at 34,477. While a non-severe impairment standing alone may not significantly limit a claimant's ability to do basic work activities, it may be crucial to the outcome of a claim when considered in combination with limitations or restrictions due to other impairments. *Id.* If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process." 42 U.S.C. §§ 423(d)(2)(B), 1382c(a)(3)(G).

Additionally, the Administration has determined that in assessing RFC, the ALJ

> must consider only limitations and restrictions attributable to medically determinable impairments. It is incorrect to find that [a claimant] has limitations or restrictions beyond those caused by his or her medical impairment(s) including any related symptoms, such as pain, due to factors such as age or height,

18

> or whether the [claimant] had ever engaged in certain activities in his or her past relevant work (e.g., lifting heavy weights.) Age and body habitus (i.e., natural body build, physique, constitution, size, and weight, insofar as they are unrelated to the [claimant]'s medically determinable impairment(s) and related symptoms) are not factors in assessing RFC . . . .

SSR 96-8p, 61 Fed. Reg. at 34,476. To assess a claimant's RFC, the ALJ must consider all relevant evidence in the record, including medical history, medical signs, laboratory findings, lay evidence, and medical source statements. *Id.* at 34,477. SSR 96-8p specifically states, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* at 34,478.

The ALJ must also consider the degree to which any non-exertional limitations may further erode Plaintiff's ability to work. The Administration addressed the role of nonexertional limitations in an RFC assessment as follows:

> Nonexertional capacity considers all work-related limitations and restrictions that do not depend on [a claimant]'s physical strength; i.e., all physical limitations and restrictions that are not reflected in the seven strength demands, and mental limitations and restrictions. It assesses [a claimant]'s abilities to perform physical activities such as postural (e.g., stooping, climbing), manipulative (e.g., reaching, handling), visual (seeing), communicative (hearing, speaking), and mental (e.g., understanding and remembering instructions and responding appropriately to supervision). In addition to these activities, it also considers the ability to tolerate various environmental factors (e.g., tolerance of temperature extremes).

> As with exertional capacity, nonexertional capacity must be expressed in terms of work-related functions.... Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting.

SSR 96–8p, 61 Fed.Reg. at 34,476.

19

### ALJ's RFC Assessment

As stated above, in assessing an RFC, the ALJ must consider limitations and restrictions imposed by all of a claimant's impairments, including those that are not severe. Here, in making his RFC assessment, the ALJ expressly discussed Plaintiff's back impairment [R. 24-25], COPD [R. 25], alleged problems with his hands [R. 25], and obesity[7] [R. 25]. The ALJ concluded that "[i]t is not unreasonable to find that an individual standing 65 inches tall and weighing 190 pounds with documented impairments of lumbar degenerative disc disease with a history of micro-laminectomy and decompression surgeries; obesity, and COPD would be unable to stand or walk for sustained periods or engage in strenuous physical activities. However, careful consideration of the entire record shows that the claimant is able to function adequately in performing activities requiring light exertion." [R. 25.]

Upon consideration, the Court finds missing from the ALJ's analysis any discussion of the combined effect of the Plaintiff's severe impairments in combination with the impairments the ALJ considered non-severe, i.e., sleep apnea, restless leg syndrome, left rotator cuff repair, left wrist pain, alcoholism, mood problems, depression and anxiety. [R. 22.] The non-severe impairments are not even mentioned in the RFC analysis portion of the ALJ's decision. And while the ALJ concluded that none of the Plaintiff's non-severe impairments caused functional limitations [R. 22], the fact that he never discussed any of the severe and non-severe impairments in combination is problematic. See, *Mazyck v.*

---

[7]Obesity is the only impairment the ALJ indicated he considered alone and in conjunction with other documented impairments adversely impacted by Plaintiff's obesity. [R. 25.] It is not clear from the decision, however, whether this consideration was "in conjunction with" and included only the severe impairments discussed in the RFC analysis, or if the ALJ considered any of the non-severe impairments.

*Astrue*, 2012 WL 315648, *8-9 (D.S.C. Feb.1, 2012)(reversing the Commissioner's decision where the ALJ provided absolutely no discussion of the claimant's non-severe impairments, whether they impacted his RFC, or whether the ALJ considered them in combination with his severe impairment).

Not only must the ALJ consider the combined effect of a claimant's impairments, the ALJ must also adequately explain his or her evaluation of the combined effects of the impairments. *See Walker*, 889 F.2d at 50 (citing *Reichenbach v. Heckler*, 808 F.2d at 312). Here, perhaps the ALJ considered the combined effect of Plaintiff's impairments; however, because the ALJ failed to explain his evaluation of the combined effects, the Court is left to guess as to whether the ALJ considered Plaintiff's impairments separately or in combination. Thus, the ALJ's failure to adequately consider the combined effect of plaintiff's multiple impairments fails to meet the Fourth Circuit's standard articulated in *Walker v. Bowen*.

**Plaintiff's Remaining Arguments**

Because the Court finds the ALJ's failure to properly evaluate Plaintiff's combination of impairments is a basis to remand the case to the Commissioner, the Court declines to specifically address Plaintiff's additional allegations of error. However, upon remand, the Commissioner should take into consideration Plaintiff's remaining allegations of error**.**

## CONCLUSION AND RECOMMENDATION

Wherefore, based on the foregoing, it is recommended that the decision of the Commissioner be reversed and remanded for administrative action consistent with this recommendation.

21

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 31, 2014
Greenville, South Carolina