**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| DANIEL R. LOCKWOOD,[1] ) | |
| ) | No. 8:12-cv-02930-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("R&R") that this court reverse Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB") and remand the case for further administrative action. The Commissioner filed objections to the R&R. For the reasons set forth below, the court rejects the R&R and, for other reasons, remands the case to the Commissioner for further administrative proceedings.

## I.   BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.     Procedural History

Plaintiff Daniel R. Lockwood ("Lockwood") filed an application for DIB on February 26, 2009, alleging disability beginning on September 4, 2008. The Social

---

[1] Daniel Lockwood died on June 23, 2012. Pl.'s Reply Br. 1. Counsel for Lockwood is in the process of obtaining a substitution of party and death certificate from an eligible person. Id.

[2] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

Security Agency denied Lockwood's claim initially and on reconsideration. Lockwood requested a hearing before an administrative law judge ("ALJ"), and ALJ Carol K. Bowen held a hearing on November 19, 2010. The ALJ issued a decision on March 25, 2011, finding Lockwood not disabled under the Social Security Act. Lockwood requested Appeals Council review of the ALJ's decision. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On October 10, 2012, Lockwood filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on January 31, 2014, recommending that this court reverse the ALJ's decision and remand the case for further administrative proceedings because the ALJ failed to consider the effect of Lockwood's severe impairments in combination with his non-severe impairments. The Commissioner filed objections to the R&R on February 18, 2014. The matter is now ripe for the court's review.

### B.     Medical History

Lockwood was born on July 2, 1952. Tr. 69. He completed high school. Tr. 153. Because Lockwood's medical history is not directly at issue here, the court dispenses with a lengthy recitation of those facts.

### D.     ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Lockwood was disabled from September 4, 2008 through March 25, 2011. The ALJ first determined that Lockwood did not engage in substantial gainful activity during the period at issue. Tr. 19. At the second step, the ALJ found that

Lockwood suffered from the following severe impairments: lumbar degenerative disc disease with a history of micro-laminectomy and decompression surgeries, obesity, and chronic obstructive pulmonary disease. Tr. 19. The ALJ also determined that Lockwood had the following non-severe impairments: sleep apnea, restless leg syndrome, left rotator cuff repair, left wrist pain, alcoholism, mood problems, depression, and anxiety. Tr. 22. At step three, the ALJ determined that Lockwood's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments. Tr. 23; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined that Lockwood had the residual functional capacity ("RFC") to perform light work, as defined by 20 C.F.R. §404.1567(b), with several limitations. Tr. 23. Specifically, the ALJ found that Lockwood could do no repetitive lifting below the waist; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; and frequently kneel, stoop, crouch, and crawl. Id. The ALJ additionally found that Lockwood should avoid concentrated exposure to chemicals or other pulmonary irritants. Id. The ALJ found, at step four, that Lockwood was able to perform past relevant work as an auto driver and therefore concluded that he was not disabled during the period at issue. Id.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the

responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

### III.  DISCUSSION

#### A.     Commissioner's Objection

The Commissioner objects to the magistrate judge's determination that the ALJ failed to discuss the effect of Lockwood's severe impairments in combination with his non-severe impairments. Def.'s Objections 1.

When a claimant suffers from multiple impairments, the ALJ must consider their combined effect in determining whether the claimant is disabled. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Congress has explicitly required that "the combined effect of all the individual's impairments" be considered, "without regard to whether any such impairment if considered separately" would be sufficiently severe. 42 U.S.C. §

423(d)(2)(c). As an important "corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Walker, 889 F.2d at 50. In assessing RFC, the ALJ must consider limitations and restrictions imposed by all of a claimant's impairments, including those that are not severe. SSR 96-8p. "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." Id.

In her decision, the ALJ considered several impairments at step three and determined that they were not severe, including sleep apnea, restless leg syndrome, left rotator cuff repair, left wrist pain, alcoholism, mood problems, depression, and anxiety. Tr. 21-22. The ALJ determined that "[n]one of the above medical conditions cause functional limitations . . . ." Tr. 22. Additionally, the ALJ found that "[a]ny potential functional limitations associated with these conditions are adequately addressed by the restrictions found to be associated with the claimant's other impairments (see Finding No. 5 [ALJ's RFC determination], below)." Tr. 22-23.

The magistrate judge recommended remanding Lockwood's case to the ALJ, explaining that

> missing from the ALJ's analysis [is] any discussion of the combined effect of the Plaintiff's severe impairments in combination with the impairments the ALJ considered non-severe . . . . The non-severe impairments were not even mentioned in the RFC analysis portion of the ALJ's decision. And while the ALJ concluded that none of the Plaintiff's non-severe impairments caused functional limitations, the fact that [s]he never discussed any of the severe and non-severe impairments in combination is problematic.

R&R 20 (citations omitted).

Walker held that the ALJ must consider the combined or cumulative effect of a claimant's impairments and "not fragmentize them." 889 F.2d at 50. While the "cross-informing effect of multiple impairments can create disability where it may not have existed pursuant to simply one," Lydia v. Astrue, 2:11-cv-1453-DCN-BHH, 2012 WL 3304107, at *5 (D.S.C. July 25, 2012), additional impairments must logically have at least some functional effects to aggregate before the ALJ can be charged with failing to consider them in combination.

Here, the ALJ determined that Lockwood's non-severe impairments caused no functional limitations. Tr. 22. As noted by the Commissioner, it would be a futile exercise to remand this case to the ALJ so that she could explain why the nonexistent functional limitations caused by Lockwood's non-severe impairments did not commingle with his other medically determinable impairments to produce some additional, more extensive limitation. See Def.'s Objections 4. The combined effect of a severe impairment and an impairment that causes no functional limitation is no different than the effect of the severe impairment alone. See id. ("Reduced to the simplest terms, 1 + 0 + 0 + 0, etc., still equals 1, regardless of how many diagnosed conditions are added to the equation."). Therefore, even if the ALJ committed an error by failing to specifically evaluate Lockwood's combination of impairments in his RFC discussion, such error is harmless because remand to the ALJ would not lead to a different result. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (applying harmless error analysis in Social Security case); see also Wright v. Astrue, 2:10-cv-02449-DCN, 2011 WL 5403070 (D.S.C. Nov. 8, 2011), adopting 2011 WL 5403104 (Oct. 18, 2011) ("The plaintiff's objection stops largely at the accusation that the ALJ's consideration is too thin, which,

6

as the plaintiff contends, is the appropriate legal point, considering the applicable standard of review, but fails to take the additional step of suggesting how the outcome could have been different. In other words, there is a failure to demonstrate anything more than the harmlessness of the error."); Thornsberry v. Astrue, 4:08-cv-04075-HMH, 2010 WL 146483, at *5 (D.S.C. Jan. 12, 2010) ("Accordingly, the court finds that while the ALJ could have been more explicit in stating that his discussion dealt with the combination of [claimant's] impairments, his overall findings adequately evaluate the combined effect of [claimant's] impairments. Any error on the part of the ALJ in failing to use explicit language is harmless.").

For these reasons, the court finds that remand is not appropriate based on the magistrate judge's rationale. Because the magistrate judge did not reach the remaining allegations of error contained in Lockwood's brief, the court must consider whether those allegations warrant remand for further administrative proceedings.

### B.  Plaintiff's Other Allegations of Error

In his brief, Lockwood alleges that the ALJ made three errors: (1) the ALJ failed to properly assess the opinion of Lockwood's treating physician; (2) the ALJ failed to properly analyze Lockwood's ability to perform past relevant work; and (3) the ALJ did not properly explain his findings regarding Lockwood's RFC. Because Lockwood's second allegation of error provides ground for remand, the court does not consider the remaining allegations.

Lockwood alleges that the ALJ failed properly analyze his ability to perform his past relevant work. Pl.'s Br. 21. He argues that the ALJ failed to evaluate Lockwood's stated reasons for not being able to perform his past work, failed to make specific

7

findings as to the mental and physical requirements of his past work, and improperly relied on the testimony of a vocational expert. Id. at 21-24.

A finding of not disabled may occur where the RFC shows that the claimant can perform his past relevant work (1) as he specifically performed it or (2) as it is customarily performed throughout the economy. See SSR 82–62. After assessing the claimant's RFC, the ALJ must compare it with the physical and mental demands of the claimant's past relevant work and then determine if the claimant's impairments prevent his performance of past relevant work. See 20 C.F.R. § 404.1520(f).

When deciding whether an individual has the capacity to perform a past relevant job, the ALJ must make the "following specific findings of fact: (1) A finding of fact as to the individual's RFC; (2) A finding of fact as to the physical and mental demands of the past job/occupation; [and] (3) A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." SSR 82-62. "The decision as to whether the claimant retains the functional capacity to perform past work . . . must be developed and explained fully in the disability decision." Id. "Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." Id.

> Determination of the claimant's ability to do past relevant work
>
> [r]equires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.
>
> . . .

> Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. In addition, for a claim involving a mental/emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, in order to determine if the claimant's mental impairment is compatible with the performance of such work.

SSR 82-62.

After evaluating and explaining the findings of fact regarding Lockwood's residual functional capacity and the physical requirements of his past work, the ALJ found that plaintiff was able to perform both jobs as he actually performed them and as they are generally performed in the national economy. Tr. 29. However, the ALJ failed to discuss any medical evidence of impairments related to Lockwood's ability to meet the physical and mental requirements of his past relevant work or Lockwood's statements as to which past work requirements he can no longer meet, both of which are required by SSR 82-62. "[T]he connection between the medically determinable impairments and the ALJ's decision that plaintiff can perform her past relevant work is missing." Osgood v. Astrue, No. 2:08-cv-3386-DCN, 2010 WL 737839, at *8 (D.S.C. Mar. 2, 2010) (remanding case for further administrative proceedings when ALJ did not discuss medical evidence of impairments in discussion of plaintiff's ability to perform past relevant work). Therefore, the ALJ's decision is deficient according to SSR 82-62 and cannot be adequately reviewed by the court.[3]

---

[3] The court also notes that the ALJ relied on the vocational expert's testimony in determining Lockwood's ability to perform past relevant work, which another court in this district held did not meet the requirements of SSR 82-62. See Parker v. Astrue, No. 6:07-cv-3274-PMD, 664 F. Supp. 2d 544, 555-56 (D.S.C. 2009) (finding that "bare bones conclusion" based on testimony of vocational expert and plaintiff's RFC was an

Because the ALJ's decision regarding past relevant work is deficient, it is necessary to remand the case to the Commissioner for further administrative action, although not on the grounds recommended by the magistrate judge. When reviewing the case on remand, the ALJ should consider each of Lockwood's other allegations of error.

## IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. §405(g) for further proceedings.

**AND IT IS SO ORDERED**.

    DAVID C. NORTON
    UNITED STATES DISTRICT JUDGE

**March 13, 2014**
**Charleston, South Carolina**

---

insufficient basis for ALJ's past relevant work decision); see also Prim v. Astrue, 2008 WL 444537, at *7 (W.D. Va. Feb. 13, 2008) ("When, as here, the ALJ makes findings about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review.").